# NO. 12-07-00367-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MELVIN WAYNE SMITH,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Melvin Wayne Smith appeals his conviction for delivery of a controlled substance. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with delivery of a controlled substance, cocaine, in an amount of less than one gram, a state jail felony.[1] He pleaded "not guilty" and the case proceeded to a jury trial. The jury found Appellant guilty of delivery of a controlled substance as charged in the indictment, and the trial court assessed Appellant's punishment at twenty months of confinement in a state jail facility.[2] This appeal followed.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b) (Vernon 2003).

[2] An individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days and, in addition, a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.35(a), (b) (Vernon 2003).

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case and further states that counsel is unable to raise any meritorious issues for appeal.[3] We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. We carried the motion for consideration with the merits of the appeal. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted* and the trial court's judgment is *affirmed*.

Opinion delivered July 31, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[3] Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and we have received no pro se brief.